(8 Misc. Rep. 302.)

### OAKLEY et al. v. LOENING.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

LANDLORD AND TENANT—DUTY OF LANDLORD TO REPAIR.

    Laws 1860, c. 345, which provides that where a leased building becomes unsafe and untenantable without fault of the lessee he may surrender possession, and be released from liability for rent, does not apply, except where the lessor retains control over the building. 27 N. Y. Supp. 1017, affirmed.

Appeal from city court, general term.

Action by Mary Oakley and Sarah Oakley against Albert Loening to recover rent. From a judgment of the city court (27 N. Y. Supp. 1017) affirming a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The appellant argued that he was entitled to vacate the premises, under chapter 345, Laws 1860, and cited, in support of his contention, Tallman v. Murphy, 120 N. Y. 354, 24 N. E. 716.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Albert I. Sire, for appellant.

W. P. Knapp, for respondents.

BOOKSTAVER, J., said: The distinction between that case and this is, in this case the tenant had absolute control of the entire premises, and in the Tallman Case, 120 N. Y. 345, 24 N. E. 716, the landlord had. In other words, in the Tallman Case the landlord had to keep the approaches to the premises in repair; in this case he did not.

Mr. Sire. I appreciate what your honor says,—that in the Tallman Case the landlord reserved to himself the control of the staircase, the control of the gas, the halls, the roof, and so forth.

BISCHOFF, J. More than that, he undertook to keep the various approaches and the apartments in good condition.

BOOKSTAVER, J. We do not, however, intend to hold anything more than is necessary for the determination of this case. We follow the court of appeals in Suydam v. Jackson, 54 N. Y. 450.

Mr. Sire. In that case the roof became out of repair, and they held the statute did not apply, for the reason that it was the ordinary repair that was necessary, and it was due to the gradual decay of the premises, and such repairs as a tenant was called upon to

make. But in this case, because of the settling or the floor, it was necessary to have iron supports and girders. Then the walls cracked, and the question is whether the tenant ought to go on paying the rent of the premises, or whether he had a right to surrender the possession. Where the premises become destroyed without the fault of the tenant, so that he cannot have the beneficial use of it, then I say he is entitled to be relieved.

BOOKSTAVER, J. We think, in this case, that the city court rightly ruled that the case of Tallman v. Murphy had no application, and followed rather the case of Suydam v. Jackson, which I have before referred to, for the obvious reason that in the Tallman Case the landlord was in possession of the approaches to the various apartments, and was bound to keep them in a safe condition. In this case there was no covenant in the lease on the part of the landlord to make repairs, or keep the premises in repair; and, such being the case, the common rule prevails that the tenant is bound to do so. Under the circumstances, the court below should be sustained, and its judgment affirmed, with costs.